# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
Civil Division

| | | |
|---|---|---|
| **BRANDON STRATTON** | : | |
| 63739 Rowland Road | : | **COMPLAINT** |
| Hamden, Ohio 45634 | : | |
| | : | |
| Plaintiff, | : | |
| | : | Case No. 2:24-CV-3868 |
| vs. | : | |
| | : | |
| **HIGHLAND COUNTY** | : | Judge |
| c/o County Commissioners | : | |
| 119 Governor Foraker Place | : | |
| Hillsboro, OH 45133 | : | |
| | : | |
| and | : | |
| | : | |
| **DONALD BARRERRA** | : | **JURY DEMAND ENDORSED HEREON** |
| 4769 Mad River Road | : | |
| Hillboro, OH 45133 | : | |
| | : | |
| AND | : | |
| | : | |
| **ANNEKA COLLINS** | : | |
| 9290 Morrow Road | : | |
| Hillsboro OH 45133 | : | |
| Defendants. | : | |

Now comes Plaintiff Brandon Stratton, and for his Complaint against Defendants, states as follows:

## PARTIES

1. Plaintiff Brandon Stratton [hereinafter Plaintiff] is an individual male residing in Highland County, Ohio.

2. Defendant Highland County is a government entity in Highland County, Ohio, operating multiple agencies, including the Highland County Sheriff's Department; Defendant Donald Barrera is the former Sheriff of Highland County, Ohio, and Plaintiff's former supervisor; Defendant Anneka Collins is, or was at all relevant times, a prosecutor in Highland County.

3. This matter is predicated in part on federal retaliation statues contained in 18 U.S.C. Code 1962-1964 and thus this court has federal question jurisdiction.

4. The facts giving rise to this Complaint occurred in Highland County, Ohio, thus this matter is properly venued in the Southern District of Ohio.

## **FACTS COMMON TO ALL CLAIMS**

5. Plaintiff initially became employed by Defendant Highland County in 1995 and has more than 23 years of service to Highland County in law enforcement.

6. In or around November 2019, Plaintiff, in the course and scope of his duties as a Chief Deputy of the Highland County Sheriff's Office, came into possession of evidence of possible serious criminal activity perpetrated by the father of then Highland county prosecutor Anneka Collins.

7. More specifically, Plaintiff came into possession lawfully of electronic files containing evidence of possible assault, sex trafficking, illegal gambling and other serious crimes involving or possibly perpetrated by Defendant Collins' father.

8. Plaintiff advised Defendant Barrera that he had serious concerns about the electronic data he viewed and that the Sheriff's office needed to keep a copy of that evidence for use in a criminal investigation.

9. Defendant Barrera agreed at that time and the office maintained a copy of the evidence on a flash drive. Plaintiff stored the evidence in a safe in his office.

10. Near the end of November, 2019, Plaintiff reviewed the evidence on the flash drive and found several pieces of evidence demonstrating possible serious and dangerous criminal conduct on the part of Defendant Collins' father; Plaintiff notified Defendant Barrera of the potential dangerous criminal activity reflected in the evidence and encouraged Defendant Barrera to allow him, for the safety of the public, to pursue an investigation. Defendant Barrera declined to allow Plaintiff to investigate further.

11. Defendant Barerra, knowing his office was in possession of evidence of crimes presenting a danger to the public, advised he would not be pursuing an investigation at that time and forbade Plaintiff from investigating further.

12. On or around August 28, 2020, Plaintiff received a phone call from a detective advising him that, after speaking to Defendants Barrera and Collins, he was concerned for Plaintiff's safety and that Plaintiff should give the flash drive evidence to the prosecutor, Defendant Collins; Plaintiff advised this would be a conflict and declined to do so.

13. On October 28, 2020, Defendant Collins appeared at Plaintiff's place of employment demanding a copy of the flash drive, alleging she was a "private citizen," not the prosecutor.

14. Plaintiff continued to keep the flash drive in his safe.

15. On April 9, 2021, Defendant Barrera notified Plaintiff that Defendant Collins was accusing him of improperly storing evidence at his home; Plaintiff immediately opened his safe and demonstrated that all the evidence was properly stored in a proper

format. Plaintiff advised Defendant Barrera at this time that he was being harassed by Defendant Collins and that the evidence involving Defendant Collins and her father should be investigated; Defendant Barrera told Plaintiff he was not permitted to investigate.

16. In or around May of 2023, Defendant Collins published a knowingly false statement to The Bureau of Criminal Investigation indicating falsely that Plaintiff had stolen evidence from the evidence room at the Sheriff's office.

17. On or around August 2023, Defendant Collins requested that Defendant Barerra have Plaintiff investigated for an allegedly improper workplace email; Defendant Barerra then reported falsely to the Bureau of Criminal Investigation that Plaintiff was conducting himself inappropriately in the workplace.

18. In August and September 2023, Defendant Barrera informed Plaintiff that Defendant Collins complained to him constantly about Plaintiff's intentions to run for Sheriff.

19. On or around February 9, 2024, Plaintiff met with an FBI agent to discuss an unrelated matter.

20. During the course of this conversation, Plaintiff informed the FBI agent of the evidence on the aforementioned flash drive regarding possible money laundering, assaults, sex trafficking and illegal gambling, and provided copies of the evidence to the agent, at his request.

21. Defendants were aware that Plaintiff met with the FBI agent.

22. On March 7, 2024, Defendant Barrera advised Plaintiff that he met with Prosecutor Collins and that he would be placing Plaintiff on leave pending an investigation into allegedly "unethical" behavior; upon information and belief, Defendants Barrera and

Collins conspired during this March 7 meeting to place Plaintiff on leave based on false allegations of "unethical behavior" for the purpose of damaging his reputation and causing harm to his employment and future employment opportunities. .

23. On March 12, 2024, Defendant Barrera advised that Plaintiff would be returning to full duty; he told Plaintiff he wanted the aforementioned flash drive file because he wanted to destroy it.  Later in the day, Defendant Barrera stated that Plaintiff would be placed on suspension again.

24. Defendant Barrera fired Plaintiff on March 20, 2024; all of the aforementioned disciplinary actions took place contemporaneous to Plaintiff's campaign for county Sheriff and each and every single time Defendant Barrera placed Plaintiff on leave for alleged "ethical concerns" or fired Plaintiff, Defendant Barrera's office generated a press release sent to local media casting Plaintiff in a poor light; not only did Plaintiff lose his job, he also of course lost the election for Sheriff.

**COUNT ONE**
**Wrongful Termination – Whistleblower Retaliation - Ohio Revised Code 4113.52 as against Defendant Highland County and Defendant Barrera**

25. Plaintiff re-alleges the prior paragraphs as if fully set forth herein.

26. Plaintiff became aware in his role as chief deputy of possible serious criminal and felony infractions, as described hereinabove, likely to cause an imminent risk of physical harm or a danger to the public safety.

27. Plaintiff notified Defendant repeatedly pursuant to the mandates of R.C. 4113.52 regarding these possible crimes; Plaintiff reasonably believed that the evidence in his possession presented a felony or an imminent concern for public safety.

28. Defendants took no action to investigate these crimes and instead retaliated against Plaintiff by subjecting him to multiple investigations and forced leaves of absence and eventually terminating his employment.

29. The multiple investigations and disciplinary actions against Plaintiff and eventually his termination in this instance, were motivated solely by the fact that Plaintiff retained a copy of the flash drive, reported over and over again evidence of possible felony crimes that endangered public safety and asked that they be investigated.

30. Defendants lacked an overriding legitimate business interest in terminating and disciplining Plaintiff.

31. Defendants conduct demonstrated actual malice, evil motive or intent, hatred or a reckless or callous indifference to Plaintiff's rights.

32. Defendants conduct has violated the anti-retaliation provisions set forth in Ohio Revised Code 4113.52; as such Defendant is liable to Plaintiff for damages.

## COUNT TWO
### Wrongful Discharge in Violation of Public Policy as to Defendants Highland County and Barrera

33. Plaintiff re-alleges the prior paragraphs as if fully set forth herein.

34. The state of Ohio, Highland County and the United States have enunciated clear public policies against retaliatory discharge and in favor of public safety as it relates to the investigation and prosecution of crimes, to wit, the anti-retaliation and anti-obstruction provisions in R.C. 4113.52 and 18 U.S.C. 1510-1513 among others and all state and local laws making it a crime to obstruct justice.

35. Plaintiff raised concerns repeatedly as described hereinabove with respect to Defendants' failure to abide by policies and procedures designed to protect the public

safety relating to the investigation and prosecution of crimes, including the county's failure and refusal to pursue an investigation into crimes allegedly committed by Defendant Collins' father.

36. Defendants terminated Plaintiff because he raised concerns with respect to Defendants' failure to follow ordinances and laws put in place to protect public safety, including the mandate in local, state and federal law that local law enforcement investigate crimes instead of obstruct investigations for political purposes.

37. Defendant's discharged Plaintiff in contravention of public policy as expressed in R.C. 4113.52 and state and local ordinances requiring law enforcement agencies to investigate, not ignore, crimes.

38. Plaintiff's termination jeopardizes the clear public policy in favor of investigating crimes and against retaliatory discharge.

39. As a result, Plaintiff has been damaged and Defendants are liable.

### COUNT THREE – Defamation as to Defendant Collins and Defendant Barrera

40. Plaintiff incorporates all the allegations set forth hereinabove.

41. Defendant Collins made false statements about Plaintiff accusing him of criminal misconduct, accusing him of stealing evidence and accusing him of improperly storing evidence and sending improper emails knowing such accusations to be untrue, or with reckless disregard to the truth or falsity of the allegations; Defendant Barrera made knowingly false statements to the Bureau of Criminal Investigation accusing Plaintiff of improper workplace conduct and caused press releases to be issued to media outlets casting Plaintiff as "unethical," knowing that Plaintiff had not acted unethically.

42. Defendant published these false statements to third parties, including the Bureau of Criminal Investigation, Plaintiff's colleagues in the workplace and media outlets.

43. Defendant knew or should have known the statements were false and were therefore at least negligent in making such statements.

44. Defendant's statements caused damages in the form of loss of reputation, loss of income and livelihood, loss of chance.

### COUNT FOUR – Defamation per se as to Defendants Collins and Barrera

45. Plaintiff incorporates all the allegations stated hereinabove.

46. Defendants' conduct constitutes defamation *per se* because it accuses Plaintiff of offenses of moral turpitude, injured him in his occupation and subjected him to public ridicule and contempt.

### COUNT FIVE – Defamation per quod and workplace defamation as to Defendants Collins and Barrera

47. Plaintiff incorporates all the allegations stated hereinabove.

48. Defendants published the aforementioned statements in Plaintiff's workplace and caused serious damage to Plaintiff, including the loss of his job and public humiliation.

49. Defendants' statements imply that Plaintiff is a criminal and unfit for duty in law enforcement and/or acted unethically in the workplace.

50. Plaintiff suffered actual damages and losses as a result of these statements, including the loss of his job, loss of an election, lost income, public humiliation, shame and strained professional relationships.

51. Defendants acted with malice and oppression.

### COUNT SIX – Whistleblower Protection Pursuant to 18 U.S.C. 1962-1964 as to All Defendants

52. Plaintiff incorporates herein all of the allegations stated hereinabove.

53. Plaintiff notified Defendants Barrera and Highland County repeatedly, as described hereinabove, regarding possible crimes; Plaintiff reasonably believed that the evidence in his possession presented a concern for public safety.

54. Defendants took no action to investigate these crimes, refused to follow-up on Plaintiff's pleas to investigate, demanded that Plaintiff turn over the evidence, accused Plaintiff of retaining evidence illegally or stealing evidence and retaliated against Plaintiff by subjecting him to multiple investigations and forced leaves of absence and eventually terminating his employment, thereby obstructing his lawful attempts to investigate crimes and tampering with and retaliating against an informant and witness.

55. Defendants' conduct constitutes racketeering pursuant to the definition set forth in 18 U.S.C. 1961 (1), to wit, "racketeering activity" means, among other things, any act which is indicatable under any of the following provisions of title 18, including section 1510 (relating to obstruction of criminal investigations) and section 1511 (relating to the obstruction of state or local law enforcement as to illegal gambling) and section 1512 (relating to tampering with a witness, victim or informant) and section 1513 (relating to retaliating against a witness, victim or informant).  The multiple investigations and disciplinary actions against Plaintiff and eventually his termination in this instance, were motivated solely by the fact that Plaintiff reported over and over again evidence of possible crimes, including human trafficking and illegal gambling operations, and Defendants' concerted efforts to obstruct Plaintiff's attempts to investigate these crimes and have them prosecuted.

56. Defendants engaged in racketeering activity by obstructing Plaintiff's efforts to investigate the crimes of the prosecutor's father, by placing Plaintiff on leave repeatedly, disciplining him, firing him and retaliating against him for informing law enforcement of crimes and attempting to investigate them.

57. Defendants' conduct constitutes a prohibited activity pursuant to 18 U.S.C. 1962 (b) and (c), providing that it shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or to acquire or maintain, directly or indirectly, any control of any enterprise which is engaged in any activity which affects interstate or foreign commerce

58. Plaintiff has been injured in his business and property by reason of Defendants' aforementioned violations of Section 1962 and is bringing this action pursuant to 18 U.S.C. 1962(c) and as such Defendants are liable to Plaintiff for damages.

**COUNT SEVEN - Conspiracy as to Defendants Collins and Barrera – 18 U.S.C. 1962(c)**

59. Plaintiff incorporates herein all of the allegations set forth hereinabove.

60. It shall, per 18 U.S.C. 1962 (c), be unlawful for any person to conspire to violate the anti-racketeering provisions set forth in 18 U.S.C. (a) and (b).

61. Defendants Barrera and Collins had multiple meetings, as described hereinabove, to conspire to create circumstances ending Plaintiff's employment and preventing Plaintiff from investigating crimes allegedly perpetrated by Defendant Collins' father, thereby obstructing justice and tampering with a witness and informant.

62. The intention and purpose of Defendants' meetings were to obstruct justice by ending Plaintiff's employment and taking away his ability to investigate the evidence on the flash drive.

63. Defendants individually have violated the anti-conspiracy provisions of 18 U.S.C. 1962 and are therefore individually civilly liable to Plaintiff for the resulting damages, including loss of reputation and employment.

**WHEREFORE**, Plaintiff demands judgment against the Defendants for compensatory and punitive damages, attorneys' fees and treble damages in order to be fully and fairly compensated for his damages and injuries caused by Defendants' conduct, for costs fees associated with this action, for liquidated damages, for prejudgment and post-judgment interest according to law, for appropriate injunctive relief, up to and including reinstatement with full back pay, and for such other relief as this Court deems equitable and just.

Dated: August 19, 2024

/s/ Jessica L. Olsheski
Jessica L. Olsheski, Esq. (0078063)
Olsheski Law Co., LPA
600 East Rich Street
Columbus, Ohio 43215
Telephone: (614) 252-5500
Facsimile: (614) 252-5058
Email: jessica.olsheski@justice-law.net
Attorney for Plaintiff

### JURY DEMAND

Plaintiff hereby demands that all causes of action be tried to a jury.

/s/ Jessica L. Olsheski
Jessica L. Olsheski (0078063)
Attorney for Plaintiff